UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAQUINTON D. BOWERS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON SACRAMENTO, et al.,<br><br>Defendants. | No. 2:22-cv-1919 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.     <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).

4      II.       <u>Statutory Screening of Prisoner Complaints</u>

5         The court is required to screen complaints brought by prisoners seeking relief against "a
6  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).
7  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
8  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]
9  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

10        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."
11 <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th
12 Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal
13 theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,
14 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>
15 <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a
16 constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.
17 <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

18        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the
19 claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of
20 what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550
21 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).
22 "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context
23 of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,
24 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure
25 to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a
26 cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the
27 speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain
28 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

2

1 cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III.   Complaint

The complaint alleges that defendants California State Prison (CSP)-Sacramento and Warden Lynch have violated plaintiff's constitutional rights. ECF No. 1. Plaintiff asserts that the prison refuses to fix errors in applying his vested credits based on time served in the county jail, resulting in plaintiff being held past his release date. Id. at 3-5. Attachments to the complaint indicate that plaintiff has determinate prison sentences of four and six years, to be served concurrently. Id. at 8. Plaintiff also alleges that he is missing property and that CSP-Sacramento has failed to give him any information regarding the missing property. Id. at 6. He seeks compensatory damages. Id. at 7.

### IV.   Failure to State a Claim

#### A.   Defendant CSP-Sacramento

Plaintiff's claims against CSP-Sacramento are barred by sovereign immunity because the prison is an arm of the state. See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989))).

////

////

B.   Application of Credits

A claim to recover monetary damages is not cognizable under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence." Heck v. Humphrey, 512 U.S. 477, 487 (1994). In order to recover damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus." Id. at 486-87. The so-called "Heck bar" also applies where a prisoner claims his release date has been miscalculated. See Erlin v. United States, 364 F.3d 1127, 1130 (9th Cir. 2004) (no cause of action for miscalculation of release date until prisoner had first prevailed in habeas case establishing entitlement to release).

Plaintiff has not demonstrated that he has successfully challenged the alleged miscalculation or misapplication of his credits in a habeas proceeding, and the complaint and attachments indicate that after plaintiff received a response to his institutional grievance addressing the calculation of his release date (ECF No. 1 at 8-9), he proceeded to file this action a week later. There is no indication that in the short time between plaintiff's inquiry into his release date and the filing of this complaint that he pursued these claims by way of a habeas petition, much less had a petition resolved in his favor. Accordingly, Heck bars plaintiff's claims for damages based on his allegations that his release date has been miscalculated.

C.   Property

The unauthorized deprivation of property by a prison official, whether intentional or negligent, does not state a claim under § 1983 if the state provides an adequate post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and "California Law provides an adequate post-deprivation remedy for any property deprivations," Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (citing Cal. Gov't Code §§ 810-895). Plaintiff's allegations that his property was lost therefore fail to state a claim for relief and must be dismissed.

V.   No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31

(9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

It is being recommended that your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed. You cannot bring a claim for money based on your release date being miscalculated until you have successfully challenged the calculation in a habeas action and the loss of your property does not state a claim for relief that can be pursued in this court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections

with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE